PINCKNEY COMMUNITY SCHOOLS BUS DRIVERS ASSOCIATION v
PINCKNEY COMMUNITY SCHOOLS BOARD OF EDUCATION

Docket No 175726. Submitted January 10, 1996, at Detroit. Decided April 19, 1996, at 9:15 A.M..

Pinckney Community Schools Bus Drivers Association filed an unfair labor practice charge with the Michigan Employment Relations Commission against Pinckney Community Schools Board of Education, alleging that the board's termination of the collective bargaining agreement with the association constituted a repudiation of its bargaining obligation and violated its duty to bargain in good faith. The parties had operated under an agreement that provided that it became effective on September 1, 1989, "and shall remain in full force and effect until August 31, 1992, or until a successor agreement is reached." No successor agreement was reached by August 31, 1992, and the board gave notice to the association on December 16, 1992, that it was terminating the contract on February 16, 1993. The MERC dismissed the charges on the basis that the language of the clause automatically extended the agreement for an indefinite duration, but that the extended agreement was terminable at will upon reasonable notice, which had been given by the board. The association appealed.

The Court of Appeals *held:*

Because the clause was worded in the disjunctive, the agreement remained in effect until one of the two contingencies occurred: that is until August 31, 1992, arrived or until a successor agreement was reached. Accordingly, the agreement expired on August 31, 1992, when that date arrived without a successor agreement having been reached. Because there was no agreement to be repudiated on the date that the board indicated that it would no longer continue to honor the terms of the expired agreement, there could be no unfair labor practice as a result of the board's action. The MERC reached the right result, but for the wrong reason.

Affirmed.

*White, Beekman, Przybylowicz, Schneider & Baird, P.C.* (by *Arthur Przybylowicz*), for the appellant.

*Butzel Long* (by *Robert A. Boonin* and *Jeffrey S. Wilke*), for the appellee.

Before: WAHLS, P.J., and REILLY and O'CONNELL, JJ.

PER CURIAM. The Pinckney Community Schools Bus Drivers Association appeals as of right the Michigan Employment Relations Commission's decision and order dismissing appellant's unfair labor practice charge against the Pinckney Community Schools Board of Education. We affirm. Between September 1, 1986, and August 31, 1989, appellant and appellee were parties to a collective bargaining agreement that included the following duration clause:

> This Agreement shall become effective on September 1, 1986, and remain in full force and effect until August 31, 1989. It shall be renewed automatically from year to year thereafter, unless either party shall give the other party written notice of desire to terminate, modify or amend this Agreement. Such notice shall be given the other party in writing by registered or certified mail ninety (90) days prior to September 1st of each year, provided however, that either party may, by written notice, reopen and negotiate the issue of wages and other economic benefits ninety (90) days prior to the anniversary date.

The subsequent collective bargaining agreement between the parties became effective on September 1, 1989. Article XX of that agreement replaced the quoted duration clause with one that read as follows:

> This agreement shall become effective on September 1, 1989, and shall remain in full force and effect until August 31, 1992, or until a successor agreement is reached.[1]

---

[1] Significantly, the successor agreement does not contain language providing for automatic renewal, as did the earlier agreement.

A successor agreement was not reached by August 31, 1992. On December 16, 1992, appellee notified appellant that it was terminating the contract effective February 16, 1993, sixty days from the date of the letter.

Appellant filed the present unfair labor practice charge on March 9, 1993, alleging that appellee's termination of the agreement constituted a repudiation of its bargaining obligation and violated its duty to bargain in good faith. Following a hearing, the hearing officer issued a decision and recommended dismissal of the charges. In a two-to-one decision, the MERC followed the recommendation.

Appellant contends that the MERC erred in dismissing the charges on the basis of its conclusion that the collective bargaining agreement is one of indefinite duration and, therefore, could be unilaterally terminated by either party upon reasonable notice.

This Court reviews a MERC decision to determine if its actions are authorized by law and if its findings are supported by competent, material, and substantial evidence on the record considered as a whole. *Amalgamated Transit Union, Local 1564 v Southeastern Michigan Transportation Authority*, 437 Mich 441, 450; 473 NW2d 249 (1991). "Legal rulings of an administrative agency are set aside if they are in violation of the constitution or a statute, or affected by a substantial and material error of law." *Id.*

We agree with the conclusion reached by the MERC that appellant's charges were unfounded, but we do so for a different reason. The MERC, focusing on the clause "until a successor agreement is reached," determined that the agreement was automatically extended for an indefinite duration and was termina-

ble at will upon reasonable notice. In our view, this analysis overlooks the disjunctive phrasing of the duration clause ("until August 31, 1992, *or* until a successor agreement is reached"). Because the clause is written in the disjunctive, we conclude the contract expired on August 31, 1992, when one of the two contingencies occurred. The parties have not cited, and we have been unable to locate, a case in which the agreement contained a similar disjunctive term. Although the parties continued operating under the agreement, that does not change the fact that, by its terms, the agreement had expired.

Appellee did not commit an unfair labor practice by giving notice of its intent to terminate the expired agreement effective February 16, 1993. Whether an agreement that remains effective "until a successor agreement is reached" is for an indefinite term need not be decided in this case.

Affirmed.